**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42703**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 354** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: January 28, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ADAM BARTH,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order revoking probation and executing previously suspended sentence, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Adam Barth appeals from the district court's order revoking probation and executing the sentence previously imposed upon Barth's conviction for felony injury to a child and from the district court's denial of his I.C.R. 35 motion for reduction of sentence. Barth argues that the district court erred in revoking his probation based, in part, on his failure to complete a sex offender treatment program. Specifically, Barth contends that his violation was not willful and that the district court failed to analyze the issue under the proper legal standard. He further asserts that the district court did not recognize the full scope of its discretion when it revoked Barth's probation. Additionally, Barth argues that the district court erred in denying his I.C.R. 35 motion for reduction of sentence. For the reasons set forth below, we affirm.

1

# I.

## FACTS AND PROCEDURE

Barth pled guilty to injury to child. I.C. § 18-1501(1). The district court sentenced Barth to a unified term of six years, with a minimum period of confinement of two years. The sentence was suspended but the district court retained jurisdiction. Following the period of retained jurisdiction, the district court suspended the sentence and placed Barth on probation for five years. Approximately, two months after being placed on probation, Barth admitted to violating a condition of his probation, for which the district court revoked but then reinstated Barth's probation. Approximately three months later, the state filed a second report of probation violation. At the probation violation hearing, Barth admitted to violating his probation by possessing a pipe with a substance testing positive for Spice. The district court then proceeded to hold an evidentiary hearing with regard to the state's other allegations of Barth's violation of his probation. Following presentation of evidence and witness testimony, the district court found that Barth violated the terms of his probation by being discharged from sex offender treatment.[1] Prior to disposition, the district court ordered a neuropsychological evaluation which concluded that Barth had neurodevelopmental issues.

At an extensive disposition hearing, Barth requested that he remain on probation and be admitted to a different personalized supervision and treatment program based on his intellectual difficulties. The district court concluded that probation was not working based on numerous treatment failures and rule infractions going back to the period of retained jurisdiction. Consequently, the district court revoked Barth's probation and ordered execution of Barth's original sentence. Barth filed a Rule 35 motion for reduction of his sentence. The district court denied Barth's motion, concluding that Barth's newly proposed treatment program was similar to the program the district court considered and rejected at the disposition hearing. Barth appeals.

---

[1] The district court also found that Barth did not violate his probation by possessing a knife at his living facility.

## II.

## ANALYSIS

### A.    Probation Revocation

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated.  I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988).  In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society.  *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717.  The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction.  *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010).  A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327.  In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation.  *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).  Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal.  *Id*.

Idaho Code Section 20-222 provides that "the court may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the defendant to be arrested. Thereupon the court . . . may revoke the probation and suspension of sentence and cause the sentence imposed to be executed."  Further, Idaho Criminal Rule 33(f)[2] provides:

> The court shall not revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which such action is

---

[2]    Effective July 1, 2015, Idaho Criminal Rule 33(e) was renumbered as I.C.R. 33(f).  The current version of the rule was enacted in February 9, 2012.

3

proposed. The defendant may be admitted to bail pending such hearing. The court shall not revoke probation unless there is an admission by the defendant or a finding by the court, following a hearing, that the defendant willfully violated a condition of probation.

On appeal, Barth argues that the district court erred when it revoked his probation based, in part, on his failure to complete the sex offender treatment program. Barth asserts that this violation was not willful given his intellectual difficulties. Barth also contends that the district court erred by applying the incorrect legal standard to determine whether it could revoke Barth's probation. However, in this case, Barth expressly admitted to the district court that he violated his probation by possessing a pipe with a substance testing positive for Spice. Further, Barth admitted that he was aware that this constituted a violation under the probation agreement. Because Barth admitted to this probation violation, it alone provided a sufficient basis to support the district court's order revoking probation. Thus, we do not address Barth's other arguments regarding his alleged probation violations. Accordingly, we hold that the district court did not err in revoking Barth's probation.

**B.      Rule 35**

Barth argues that the district court erred in denying his Rule 35 motion for reduction of sentence. Specifically, Barth contends that the district court failed to recognize the scope of its discretion to tailor the terms of probation to meet Barth's individual needs and thus, failed to consider a specialized program designed to treat individuals like Barth.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

In his Rule 35 motion, Barth presented the district court with information about a new program that would administer specialized treatment for Barth. Barth urged the district court to

consider the program and place him on probation in a residence that administered the program. In denying Barth's Rule 35 motion, the district court noted that it was aware of Barth's character, prior criminal record, and nature of the underlying offense. The district court determined that, at the probation violation disposition hearing, it had previously considered and rejected a similar treatment program based on evidence regarding the specialized program and based on the broader context of the information before it. Likewise, the district court concluded that the new program presented in Barth's Rule 35 motion did not change its decision regarding the disposition of Barth's probation violations. Therefore, having reviewed the record, we hold that Barth has failed to show that the district court erred in denying his Rule 35 motion.

### III.
### CONCLUSION

The district court did not abuse its discretion when it revoked Barth's probation and imposed the original sentence. The district court did not abuse its discretion in denying Barth's Rule 35 motion. Therefore, we affirm the district court's orders revoking probation and in denying Barth's Rule 35 motion for reduction of his sentence.

Judge GRATTON and Judge HUSKEY, **CONCUR**.